## Coal Run Mining Company's Trustee v. Steele.

(Decided May 29, 1928.)

### Appeal from Pike Circuit Court.

Corporations.—Suit by trustee in bankruptcy of corporation against one of incorporators to recover on unpaid stock subscription held barred, under Ky. Stats., sec. 547, where defendant had transferred his stock more than two years previously.

MOORE & CHILDERS for appellant.

W. K. STEELE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

The Coal Run Mining Company, a corporation, was created and organized August 6, 1917. It was capitalized at $9,000. H. H. Funk, Stoney Amick, and appellee, C. E. Steele, were the incorporators. They each subscribed for $3,000 of its capital stock. On the 9th day of September, 1925, the corporation filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Kentucky and was thereafter adjudged a bankrupt. W. K. Elliott was elected trustee in bankruptcy for its creditors, and in that capacity instituted this action against appellee, C. E. Steele, to recover $2,866.97; that being the amount it was alleged the bankrupt coal company's estate lacked of being sufficient to settle with its creditors and pay the costs and allowances of the bankruptcy proceeding. The right to recover that sum from appellee, Steele, was predicated upon the averment that, though he had subscribed for $3,000 of the capital stock of the bankrupt corporation, he had never paid any part of his stock subscription. By the petition it was alleged that approximately two years after the corporation was organized appellee sold and

transferred all of his stock therein to another and thereafter had no connection with it.  Among other defenses appellee pleaded that the cause of action sued upon was barred by limitation.  The action was instituted in equity and was so tried; no motion to transfer to the common-law docket ever being made.  The chancellor concluded that the coal company's trustee in bankruptcy failed to manifest any right to the relief sought and adjudged that the petition be dismissed.  Hence the appeal.

Not only did the petition allege, but the uncontradicted evidence establishes, that more than five years before this action was instituted appellee, Steele, sold and transferred all of his stock in the bankrupt corporation to another and after that time had no connection whatever with it.  The liability sought to be imposed upon appellee, Steele, is a statutory one created by section 547, Kentucky Statutes.  It provides that the stockholders of a corporation shall be liable to its creditors for the full amount of the unpaid stock subscribed for by them.  The statute contains further provisions as to liability in exceptional cases, with which we are not here concerned, and concludes by providing:

"And no transfer of stock shall operate as a release of any such liability existing at the time of such transfer: Provided the action to enforce such liability shall be commenced within two years from the time of transfer."

This provision is unambiguous and limits the right of creditors or any one suing for the benefit of creditors to recover on an unpaid subscription for corporate stock, in a case where the subscriber has transferred his stock to two years after the transfer is made.  If it be conceded that appellee, Steele, did not pay his stock subscription and that no one paid it for him, in view of the fact that the pleadings state and the evidence establishes that more than five years prior to the time the action to enforce his liability was instituted against him he had sold and transferred all his stock in the corporation, the cause of action to recover from him the unpaid subscription was barred by limitation, and the judgment of the chancellor may be upheld on this ground.  In view of this conclusion it is unnecessary to discuss the other questions presented by the appeal.

Judgment affirmed.